```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT TITUS                   :   CIVIL ACTION
                               :
     v.                        :
                               :
HOME DEPOT, et al.             :   NO. 08-2757
```

MEMORANDUM AND ORDER

McLaughlin, J.                                September 10, 2008

In this employment discrimination action, the plaintiff, Robert Titus, alleges that his former employers, Home Depot and Creative Touch Interiors (collectively, "the defendants"), committed unlawful gender discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq., and under the Pennsylvania Human Relations Act (PHRA), 43 Pa. Cons. Stat. § 951 et seq., that they committed unlawful disability discrimination under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., that they unlawfully retaliated against him for requesting leave under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq., and that they wrongfully discharged him in violation of Pennsylvania public policy.  The defendants filed a motion to dismiss the plaintiff's original complaint.  The plaintiff then amended his complaint.  The defendants now move to dismiss the plaintiff's amended

complaint.[1]  The Court will grant the defendants' motion with respect to the plaintiff's claims of gender discrimination under Title VII and the PHRA, as well as the plaintiff's claim of wrongful discharge under Pennsylvania law.  The Court will deny the motion with respect to the plaintiff's disability discrimination claims under the ADA.

I.   The Complaint[2]

In October 1996, Plaintiff Robert Titus began working as a manager in one of Defendant Home Depot's Pennsylvania stores.  First Am. Compl. ¶ 11.  During this period, his responsibilities included various management and training functions, as well as other service tasks that required physical labor.  Id. ¶¶ 13, 19.

Between March 2003 and September 2004, the plaintiff filed several complaints with the defendants regarding the behavior of Darrin D'Augustino, the plaintiff's male supervisor.  Specifically, he complained that D'Augustino harassed him and threatened him physically.  Id. ¶¶ 21-22, 33, 35.  According to

---

[1] The defendants have not moved to dismiss the plaintiff's claims under the FMLA.

[2] In considering the defendants' motion to dismiss, the Court must accept the allegations in the amended complaint as true and draw all reasonable inferences in favor of the plaintiff. Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004); In re Rockefeller Ctr. Props., Inc. Sec. Litig., 311 F.3d 198, 215 (3d Cir. 2002).

the plaintiff, these complaints were ignored.  Id. ¶¶ 23, 36, 38.  Moreover, he alleges that he was warned that he would be "investigated" if he continued to file further complaints.  Id. ¶ 24.

Thereafter, the plaintiff filed complaints about two other supervisors, Kenny Rice and Krystyna Trocki.  Id. ¶¶ 29, 34-35, 38, 40-42, 46, 47, 49, 52.  In particular, the plaintiff complained that Rice unfairly increased his workload in spite of injuries that the plaintiff had suffered, and that Trocki was verbally abusive and disrespectful toward the plaintiff and his coworkers.  Id. ¶¶ 41, 44, 49, 52.  According to the plaintiff, these complaints were also ignored, despite promises that remedial action would be taken against Trocki.  Id. ¶¶ 45, 48, 50-51, 53.

Throughout this period, and through his termination in January 2006, the plaintiff underwent several surgeries for injuries he sustained on the job, including tears of his right and left shoulder ligaments and tendons, and rupture of his cervical and spinal discs, which he claims caused permanent damage.[3]  Id. ¶¶ 16-18, 20, 25, 71.  The plaintiff promptly

---

[3] The precise timing of the plaintiff's surgeries is unclear from his complaint.  The plaintiff alleges that his first surgery (on his right shoulder) took place on February 16, 2004.  First Am. Compl. ¶ 18.  He then alleges that he underwent a "second" surgery (on his left shoulder) on April 20, 2004.  Id. ¶ 20.  However, he also alleges that he underwent a "third" surgery on March 1, 2004.  Id. ¶ 25.  For the purposes of this motion, the

notified the defendants of these injuries, and filed workers' compensation claims.  Id. ¶ 16, 25.  After each surgery, the plaintiff requested that the defendants make reasonable accommodations for his injuries, such as allowing him light-duty work not involving physical labor, promoting him to a higher management position, or reducing his required production.  Id. ¶ 19, 25.

According to the plaintiff, the defendants made no such accommodations.  Instead, he contends, the defendants retaliated against him for these requests, as well as his complaints about his supervisors, by threatening to increase, and, ultimately, actually increasing his workload.  Id. ¶¶ 26, 28, 37, 39.

In November 2005, the plaintiff suffered another job-related injury, after which the defendants received a workers' compensation report notifying them of the plaintiff's physical work restrictions.  Id. ¶¶ 54-55.  Again, the defendants made no accommodations, and instead gave him a formal disciplinary reprimand.  Id. ¶ 56.  One week later, on January 6, 2006, the defendants terminated the plaintiff's employment.  Id. ¶ 57.

---

Court will ignore this discrepancy and assume that the surgeries occurred on the dates stated.

II.   <u>Analysis</u>

In their motion to dismiss, the defendants argue that the plaintiff has failed to plead adequately his Title VII and ADA claims.  They further argue that the plaintiff's claim of wrongful discharge under Pennsylvania law is time-barred by the applicable statute of limitations.  Finally, they argue that the plaintiff's claims under the PHRA should be dismissed for failure to exhaust state administrative remedies.  Each of these arguments is properly raised under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  <u>Robinson v. Johnson</u>, 313 F.3d 128, 135 (3d Cir. 2002); <u>Anjelino v. New York Times Co.</u>, 200 F.3d 73, 87-88 (3d Cir. 1999).

    A.   <u>The Plaintiff's Title VII Claims</u>

The plaintiff's complaint reveals three potential gender discrimination claims under Title VII:  disparate treatment, hostile work environment, and retaliation.  The Court agrees with the defendants, however, that the plaintiff has not alleged sufficient facts to support any of these claims.

In employment discrimination actions, to survive a motion to dismiss, a plaintiff need not plead all the elements of a prima facie case in her complaint.  <u>Swierkiewicz v. Sorema, N.A.</u>, 534 U.S. 506, 510-11 (2002).  Instead, an employment discrimination plaintiff must provide only the "short and plain

statement of the claim showing that the pleader is entitled to relief" required by Fed. R. Civ. P. 8(a).  Such a statement need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957).

However, even though a plaintiff is only required to give the defendant fair notice of her discrimination claims, she must still have sufficient factual allegations to raise her right to relief "above the speculative level," such that her complaint at least creates a reasonable expectation that discovery will reveal evidence of the necessary elements.  <u>Wilkerson v. New Media Tech. Charter Sch., Inc.</u>, 522 F.3d 315, 321 (3d Cir. 2008) (quoting <u>Bell Atl. Corp. V. Twombly</u>, 127 S. Ct. 1955, 1965 (2007)).  It is insufficient simply to allege "labels and conclusions" in a complaint; rather, actual <u>facts</u> are required to support such conclusions.  <u>Twombly</u>, 127 S. Ct. at 1965.

The defendants argue that the plaintiff has failed to allege sufficient facts to show that he was discriminated against because of his gender, or, in the case of retaliation, that he was discriminated against because he complained of discrimination based on his gender.

The Court agrees.  The plaintiff has not alleged any facts or circumstances to support an inference that he was singled out and treated less favorably on the basis of his

gender. He identifies no similarly situated female workers from whom he was treated differently, and does not identify any circumstances that suggest a pattern or practice of gender discrimination by his employer that would create a work environment that was hostile to men. Instead, he alleges generally that his supervisor, Krystyna Trocki, created an abusive and hostile environment for <u>all</u> employees. First Am. Compl. ¶¶ 44, 49. In fact, the plaintiff's single specific allegation of disparate treatment based on gender is that he was fired from his job, whereas his female supervisor was not. <u>Id.</u> ¶ 65. The only other comparison offered by the plaintiff is that a <u>male</u> coworker was not reprimanded for engaging in "worse conduct" than the plaintiff. <u>Id.</u> ¶ 32.

With respect to the plaintiff's retaliation claim, the complaint is similarly absent of any factual support. Although the plaintiff alleges several instances in which he complained about his supervisors' behavior, none of these can fairly be read as situations in which he was complaining about conduct based on his gender, especially given the lack of any other allegations of disparate treatment. Instead, the plaintiff alleges that he complained about threats of physical violence, unfair additional work assignments, failure to make reasonable accommodations for his injuries, and Trocki's verbally abusive and unprofessional attacks against all employees. ¶¶ 21-22, 34-42, 45, 47-50.

Absent any real allegations to put the defendant on notice of the factual basis for the plaintiff's claims of gender discrimination, these claims must be dismissed.

B.  The Plaintiff's ADA Claims

The plaintiff appears to make two claims under the ADA. First, he claims that the defendants failed to provide him reasonable accommodations as required by 42 U.S.C. § 12112(b)(5)(A).  Second, he complains that the defendants retaliated against him for requesting such accommodations in violation of 42 U.S.C. § 12203(a).  The sufficiency of these claims is assessed under the same pleading standard used to test Title VII claims.  42 U.S.C. § 12117(a); see also Mathews v. Hermann, No. 07-1318, 2008 WL 1914781, at *12 (E.D. Pa. Apr. 30, 2008).

Unlike the plaintiff's gender discrimination claims, the plaintiff's allegations with respect to disability are more than merely speculative.  Although the defendants argue that the plaintiff has failed to allege that he is "disabled" within the meaning of the ADA, the Court finds that the plaintiff has provided the defendants with fair notice of his claims.  The plaintiff has provided several allegations of physical disability, including "permanent cervical and spinal disc rupture and injured shoulders."  First. Am. Compl. ¶ 71.  The plaintiff

has also alleged that on multiple occasions he requested reasonable accommodations based on his injuries, that he was denied such accommodations, and that his supervisors increased his workload in response to his requests for accommodation. Accordingly, the defendants have fair notice of his disability discrimination claims.

The plaintiff's retaliation claim is also sufficient. Under 42 U.S.C. § 12203(a), no person may discriminate against an individual for engaging in a "protected activity" under the ADA. The Third Circuit has held that protected activity under the ADA includes good faith requests for accommodations, regardless of whether the complainant is actually "disabled" under the ADA. Williams v. Phila. Hous. Auth. Police Dep't, 380 F.3d 751, 759 n.2 (3d Cir. 2004); Shellenberger v. Summit Bancorp, Inc., 318 F.3d 183, 190-91 (3d Cir. 2003). Here, there is no reason to suspect that the plaintiff's requests were not made in good faith. Therefore, even if the plaintiff was not legally "disabled," he has stated a claim of discrimination under the ADA.

    C.    Plaintiff's State-Law Wrongful Discharge Claim

The defendants argue that the plaintiff's wrongful discharge claim should be dismissed as time-barred by the applicable statute of limitations. The defendants are correct.

Pennsylvania has a two-year statute of limitations on claims of wrongful discharge in violation of the public policy.  See Anderson v. Consolidated Rail Corp., 297 F.3d 242, 251 (3d Cir. 2002) (interpreting Pennsylvania law and citing 42 Pa. Cons. Stat. Ann. § 5524(7)).

Here, the plaintiff was terminated on January 6, 2006. He did not file his complaint containing the wrongful discharge claim until June 12, 2008.  The plaintiff has not presented to the court any argument as to why this claim is still timely, other than that he received a right-to-sue notice on March 17, 2008, notifying him that he had 90 days to file his Title VII action.  The notice explicitly states that "[t]he time limit for filing suit based on a state claim may be different."  The right-to-sue notice thus has no effect on the timeliness of his state-law claim, and the claim is therefore time-barred.

Even if the plaintiff's claim were timely, it must still be dismissed.  The Supreme Court of Pennsylvania has held that, because a PHRA claim is available in discrimination cases, a claim of wrongful discharge will not be available in such cases.  See Iwanejko v. Cohen & Grigsby, P.C., 249 Fed. App'x 938, 943 (3d Cir. 2007) (interpreting Pennsylvania law and citing Clay v. Advanced Computer Applications, Inc., 559 A.2d 917, 921 (Pa. 1989)).

D.  <u>Plaintiff's PHRA Claims</u>

The defendants contend that the plaintiff's PHRA claims should be dismissed for failure to exhaust state administrative remedies. As it currently stands, the record is unclear as to when and whether a complaint with the PHRC was ever filed, whether by the plaintiff or through a dual filing by the EEOC. However, even if the plaintiff has exhausted his state administrative remedies on his PHRA claims, the Court would be compelled to dismiss the claims as insufficiently supported by factual allegations. The plaintiff bases his PHRA claims on the same facts and legal theories as his Title VII claims. Both the Third Circuit and Pennsylvania courts construe Title VII and PHRA claims consistently. <u>Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.</u>, 470 F.3d 535, 539 n.5 (3d Cir. 2006); <u>Atkinson v. LaFayette Coll.</u>, 460 F.3d 447, 454 n.6 (3d Cir. 2006); <u>Kelly v. Drexel Univ.</u>, 94 F.3d 102, 105 (3d Cir. 1996). Given the lack of sufficient facts to support his Title VII claims, the plaintiff's PHRA gender discrimination claims must likewise be dismissed.

An appropriate Order follows.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT TITUS                    :     CIVIL ACTION
                                :
     v.                         :
                                :
HOME DEPOT, et al.              :     NO. 08-2757
```

ORDER

AND NOW, this 10th day of September, 2008, upon consideration of the defendants' Motion to Dismiss (Docket No. 8), the plaintiff's opposition thereto (Docket No. 11), and the defendants' reply thereto (Docket No. 13), IT IS HEREBY ORDERED that the motion is GRANTED with respect to the plaintiff's claims of gender discrimination under Title VII (Count I) and the Pennsylvania Human Relations Act (Count V), as well as the plaintiff's claim of wrongful discharge in violation of Pennsylvania public policy (Count IV).  With respect to the plaintiff's claims of disability discrimination under the Americans with Disabilities Act (Count II), the defendants' motion is DENIED.

                              BY THE COURT:


                              _____
                              MARY A. McLAUGHLIN, J.